**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY OLDS, | ) | CASE NO. CV 10-08595 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

  Plaintiff Jeffrey Olds contends that the Social Security Commissioner wrongly denied his claim for disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in evaluating his credibility. The Court disagrees, as explained below.

  Plaintiff challenges the ALJ's rejection of his subjective symptom testimony. An ALJ need not accept a claimant's statements as to subjective pain or symptoms, but can reject them for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Plaintiff asserts that the ALJ's reasons for rejecting his credibility do not meet this standard.

  The ALJ provided multiple reasons for discounting Plaintiff's credibility. First, the ALJ found that the objective medical evidence did not support Plaintiff's claims. Although an absence of objective medical evidence to support a claimant's complaints cannot provide the only basis to reject his credibility, it is a factor that an ALJ can consider

in discrediting subjective symptom testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). Here, the ALJ's conclusion is supported by substantial evidence. As the ALJ acknowledged, there are some reports that Plaintiff experienced significant pain (AR 23 (citing AR 265)); however, the ALJ is correct that the evidence of record generally does not support Plaintiff's allegations of disabling symptoms.

The ALJ also found that Plaintiff's testimony was undermined by his relatively conservative course of treatment. As the ALJ noted, Plaintiff admitted that over-the-counter pain medication alleviated his symptoms and he has never taken prescription pain medication. (AR 23; *see* AR 33-34, 204, 213.) This constitutes another valid reason to discount Plaintiff's credibility. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162 (9th Cir. 1998).

Finally, the ALJ found that some of Plaintiff's statements undermined his allegations. For example, the ALJ noted that Plaintiff did not always complain of severe pain to his physicians and Plaintiff admitted he was regularly walking for one mile. (AR 23 (citing AR 207, 230).) The ALJ's finding that these statements contradicted Plaintiff's claims of disabling symptoms is also a legitimate reason to discount his credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

In sum, the ALJ's adverse credibility determination was free from legal error and supported by substantial evidence. The Court acknowledges that Plaintiff suffers from a potentially serious musculoskeletal impairment (*see* AR 206), but, as the Commissioner notes, there is no objective evidence that Plaintiff's condition is disabling.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: January 10, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE